I conclude that the trial court had "specific" in personam jurisdiction over Novak under the "effects" test established inCalder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804
(1984).
We are not concerned here with "mere untargeted negligence," in the words of the Calder Court. 465 U.S. at 790, 104 S.Ct. 1482. The reputational harm to the plaintiff resulting from Novak's intentional defamation communicated through the use of an Internet posting was inherently suffered in Alabama, the place where the plaintiff lived and worked and maintained his reputation. The fact that Novak knew that the effects of his conduct would be felt in Alabama satisfied the due-process requirements for the exercise of personal jurisdiction over him. Novak, therefore, reasonably could have foreseen being haled into court in this State. See Calder, supra; Hugel v. McNell,886 F.2d 1 (1st Cir. 1989); Bochan v. La Fontaine, 68 F.Supp.2d 692
(E.Dist.Va. 1999); California Software, Inc. v. ReliabilityResearch, Inc., 631 F.Supp. 1356 (C.D.Cal. 1986); compareBlumenthal v. Drudge, 992 F.Supp. 44 (D.D.C. 1998).
The main opinion relies upon a three-pronged test articulated by the United States Court of Appeals for the Third Circuit *Page 522 
as its interpretation of Calder. See Imo Indus., Inc. v. KiekertAG, 155 F.3d 254 (3d Cir. 1998). Under the facts of a case such as that presented here, I find it difficult to appreciate a meaningful distinction between the application of the second and third prongs of that test. Even applying that test, however, I conclude that cases such as Elliott v. Van Kleef, 830 So.2d 726
(Ala. 2002), are distinguishable from the present case. Novak's tortious activity in the present case was directed at the plaintiff, in the State of Alabama, in a way that the defendant-Arkansas attorney's negligent conduct in an Arkansas state-court proceeding in Elliott simply was not.
I therefore respectfully dissent.